UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTINE A CUMMINGS,

                Plaintiff,

    v.

NEWREZ LLC,

                Defendant.

Case No. 3:23-cv-05590-TMC

ORDER GRANTING MOTION FOR SANCTIONS AND ATTORNEY'S FEES, ORDERING DEFENDANT TO SUBMIT A FEE PETITION, AND ORDERING PLAINTIFF TO SHOW CAUSE

Before the Court is Defendant NewRez LLC's motion for sanctions and attorney's fees. Dkt. 18. The motion was filed on March 21, 2024 and was noted for consideration on April 5, 2024. *Id.* Plaintiff Kristine A. Cummings did not file a response to the motion. For the following reasons, the motion is GRANTED, NewRez is ORDERED to file a supplemental fee petition in support of its request for attorney's fees, and Cummings is ORDERED to show cause why her case should not be dismissed for failure to prosecute.

                            **I.    FAILURE TO PROSECUTE**

On February 14, 2024, the Court held a hearing to address Cummings's failure to respond to NewRez's First Set of Interrogatories and Requests for Production to Plaintiff, issued on November 14, 2023. *See* Dkts. 13, 15. During the hearing, Cummings's counsel informed the Court that she was almost ready to send NewRez her responses to its discovery requests. *See*

Dkt. 19 ¶ 26. The Court ordered Cummings to provide full discovery responses no later than February 21, 2024. Dkt. 15. But according to NewRez, as of the filing of its motion, Cummings still has not responded to the discovery requests. *Id.* ¶ 28; *see also* Dkt. 20 at 2.

Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders," including "dismissing the action or proceeding in whole or in part," and Federal Rule of Civil Procedure 41(b) allows "a defendant [to] move to dismiss the action or any claim against it" if "the plaintiff fails to prosecute or to comply with . . . a court order." NewRez requests that the Court dismiss this case for failure to prosecute under Rules 37 and 41(b). When deciding whether to dismiss a case under the rule, courts must consider, among other factors, "the availability of less drastic sanctions," *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998), and have an "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). Dismissal is therefore not permitted at this stage and the motion for sanctions is DENIED IN PART.

The Court ORDERS Cummings, however, to show cause within twenty-one days why her case should not be dismissed for failure to prosecute pursuant to Rule 41(b). The Court warns Cummings that failure to respond to the show cause order may result in dismissal of her case with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

## II.     ATTORNEY'S FEES

Rule 37 also provides that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In addition to requesting dismissal, NewRez asks the Court to sanction Cummings under Rule 37 and order her to pay for "[t][he expense taken to contact Plaintiff's counsel, schedule a hearing with the Court, draft this motion, and assemble the necessary material for it." Dkt. 18 at 7.

The Court informed Cummings and her counsel during the February 14, 2024 hearing that failure to respond to NewRez's discovery requests in violation of the Court's order could result in sanctions. *See* Dkt. 15. Nevertheless, Cummings still has not sent NewRez her discovery responses. Nor has she opposed NewRez's motion for sanctions or explained why her continued failure to respond was "substantially justified" or why sanctions would by otherwise "unjust." Fed. R. Civ. P. 37(b)(2)(C). There was no ambiguity in the Court's order directing Cummings to respond to NewRez's discovery requests, and the Court treats her decision not to respond to the motion as an admission that it has merit. *See* Local Civil Rule 7(b)(2). At the hearing on February 14, Cummings's counsel indicated the failure to respond was due to his caseload and not the fault of his client. The Court therefore GRANTS the motion for sanctions and imposes sanctions on Cummings's counsel in the amount of the reasonable attorney's fees incurred by NewRez in attempting to get discovery responses from Cummings, requesting the February 14 discovery hearing, and filing this motion.

Parties requesting attorney's fees are required to "submit evidence supporting the hours worked and the rates claimed," which NewRez has not yet done. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *see also Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, No. 13cv2741 BAS(RBB), 2014 U.S. Dist. LEXIS 89743, at *39 (S.D. Cal. July 1, 2014) (citing *Van Gerwen* in the context of a motion for attorney's fees under Rule 37(b)(2)).

ORDER GRANTING MOTION FOR SANCTIONS AND ATTORNEY'S FEES, ORDERING DEFENDANT TO SUBMIT A FEE PETITION, AND ORDERING PLAINTIFF TO SHOW CAUSE - 3

Accordingly, the Court ORDERS NewRez to file a fee petition containing the above information within fourteen days of the date of this Order. NewRez shall note the fee petition as a third-Friday motion pursuant to Local Civil Rule 7(d)(3).

### III.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

- The motion for sanctions is GRANTED in part and DENIED in part;
- Plaintiff Cummings is ORDERED to show cause within 21 days of this order why her case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b);
- Defendant NewRez is awarded sanctions against Cummings's counsel under Federal Rule of Civil Procedure 37 for the reasonable attorney's fees incurred attempting to obtain plaintiff's discovery responses, arranging the discovery hearing, and filing this motion;
- NewRez is ORDERED to file a fee petition within 14 days of this order establishing the amount of reasonable attorney's fees.

Dated this 18th day of April, 2024.

Tiffany M. Cartwright
United States District Judge